RAYMOND GERTE *v.* LOGISTEC CONNECTICUT, INC., ET AL.
(SC 17605)

Borden, Norcott, Katz, Palmer and Zarella, Js.

Argued October 24, 2006—officially released July 3, 2007

*Peter D. Quay*, for the appellant (named defendant).

*David A. Kelly*, with whom, on the brief, was *Mark E. Wasielewski*, for the appellee (plaintiff).

*Opinion*

PALMER, J. The named defendant, Logistec Connecticut, Inc. (defendant), appeals from the decision of the compensation review board (board), which reversed the decision of the workers' compensation commissioner for the third district dismissing for lack of subject matter jurisdiction the workers' compensation claim of the plaintiff, Raymond Gerte. We dismiss the defendant's appeal, sua sponte, for lack of a final judgment.

The record reveals the following relevant facts and procedural history. On October 22, 1998, the plaintiff was working for the defendant as a longshoreman when he was struck in the face by a broken hoist chain while unloading cargo from a ship docked in New Haven harbor. Although the plaintiff was standing in the ship's hold at the time of the accident, the chain that struck him was attached to a crane located on land. As a result of the accident, the plaintiff sustained serious injuries, including a fractured jaw that required multiple surgeries.

The plaintiff filed a claim pursuant to the federal Longshore and Harbor Workers' Compensation Act (longshore act), 33 U.S.C. § 901 et seq., for which he was paid benefits. The plaintiff also filed a claim pursuant to the state Workers' Compensation Act, General Statutes § 31-275 et seq. A hearing on the plaintiff's claim was held before Commissioner Robin L. Wilson,[1] who issued a finding and award. She concluded, inter alia, that the workers' compensation commission (commission) had subject matter jurisdiction over the plaintiff's claim even though the plaintiff had received benefits under the longshore act. Commissioner Wilson also ordered the defendant's workers' compensation insurance carrier to accept liability. The parties subsequently entered into a voluntary agreement regarding the plaintiff's entitlement to benefits, which was approved by Commissioner Wilson.

Thereafter, the plaintiff filed a claim for additional medical treatment for a temporomandibular joint disorder, which the plaintiff had developed due to his work-related injury. The plaintiff also sought reimbursement for various medical expenses that he had incurred as a result of his injury. The defendant filed a motion to dismiss the claim for lack of subject matter jurisdiction. In its motion, the defendant maintained that, under *Leszczymski* v. *Andrew Radel Oyster Co.*, 102 Conn. 511, 129 A. 539 (1925), the federal government has exclusive jurisdiction over maritime injuries occurring on navigable waters. The plaintiff filed an objection to the defendant's motion to dismiss, claiming that the state has concurrent jurisdiction over land based injuries sustained by maritime workers. See generally *Coppola* v. *Logistec Connecticut, Inc.*, 283 Conn. 1, 925 A.2d 257 (2007). The plaintiff further claimed that, by failing to appeal the original finding and award issued

---

[1] Commissioner Wilson subsequently was appointed a judge of the Superior Court.

by Commissioner Wilson, and by subsequently entering into a voluntary agreement with respect to the plaintiff's entitlement to benefits, the defendant was collaterally estopped from raising the issue of subject matter jurisdiction.

Following a hearing, Commissioner Ralph Marcarelli, relying on *Leszczymski*, granted the defendant's motion to dismiss the plaintiff's claim. The plaintiff subsequently filed a motion to correct, which was denied.

The plaintiff appealed from the dismissal of his claim to the board, which reversed Commissioner Marcarelli's dismissal and remanded the case to the workers' compensation commissioner for further proceedings. In its decision, the board explained that the defendant was collaterally estopped from challenging the jurisdiction of the commission over the plaintiff's claim because the defendant had not appealed from the adverse ruling on that issue that previously had been rendered by Commissioner Wilson. In support of its conclusion, the board relied on *In re Shamika F.*, 256 Conn. 383, 773 A.2d 347 (2001), in which this court stated: "Unless a litigant can show an absence of subject matter jurisdiction that makes the prior judgment of a tribunal entirely invalid, he or she must resort to direct proceedings to correct perceived wrongs. . . . A collateral attack on a judgment is a procedurally impermissible substitute for an appeal. . . . [A]t least [when] the lack of jurisdiction is not entirely obvious, the critical considerations are whether the complaining party had the opportunity to litigate the question of jurisdiction in the original action, and, if he did have such an opportunity, whether there are strong policy reasons for giving him a second opportunity to do so." (Citation omitted; internal quotation marks omitted.) Id., 407–408.

The defendant appealed from the decision of the board to the Appellate Court, and we transferred the

appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. We now dismiss the appeal for lack of a final judgment.

"[U]nder General Statutes § 31-301b, [a]ny party aggrieved by the decision of the [board] upon any question or questions of law arising in the proceedings may appeal the decision of the [board] to the Appellate Court." *Hummel* v. *Marten Transport, Ltd.*, 282 Conn. 477, 485, 923 A.2d 657 (2007). "We have stated, however, that [appellate] review of disputed claims of law and fact ordinarily must await the rendering of a final judgment by the [board]. *Szudora* v. *Fairfield*, 214 Conn. 552, 556, 573 A.2d 1 (1990). When the board remands a case to the commissioner for further proceedings in connection with the challenged award, the finality of the board's decision is called into question . . . . Id. In such circumstances, [t]he test that determines whether such a decision is a final judgment turns on the scope of the proceedings on remand: if such further proceedings are merely ministerial, the decision is an appealable final judgment, but if further proceedings will require the exercise of independent judgment or discretion and the taking of additional evidence, the appeal is premature and must be dismissed. Id. Finally, because the existence of a final judgment is a jurisdictional prerequisite to an appeal, the reviewing court may dismiss a case on that ground even if the issue was not raised by the parties." (Internal quotation marks omitted.) *Hummel* v. *Marten Transport, Ltd.*, supra, 485.

In the present case, the board remanded the matter for further proceedings after concluding that Commissioner Marcarelli improperly had dismissed the plaintiff's claim for lack of jurisdiction. Although the board did not expressly identify the nature of the proceedings on remand, it is clear that they will entail a determination of the merits of the plaintiff's claim for compensation for his temporomandibular joint disorder and for

reimbursement of certain medical expenses arising out of his work-related injury. The proceedings on remand, therefore, are not merely ministerial but, rather, will require the exercise of independent judgment or discretion and the taking of additional evidence. Consequently, the decision of the board does not constitute an appealable final judgment. Accordingly, the plaintiff's appeal from that decision is premature and must be dismissed.

The appeal is dismissed.

In this opinion the other justices concurred.