RICHARD FENYES *v.* TRUMBULL PROBATE
COURT ET AL.
(AC 34784)

DiPentima, C. J., and Alvord and Peters, Js.

Submitted on briefs March 8—officially released June 4, 2013

*Richard Fenyes*, pro se, the appellant (plaintiff), filed a brief.

*Barbara M. Schellenberg* and *David B. Zabel* filed a brief for the appellee (defendant Greta E. Solomon).

*Opinion*

PER CURIAM. The plaintiff, Richard Fenyes, appeals from the decision of the Superior Court, *Hon. William B. Rush,* judge trial referee, dismissing his appeal from the defendant Probate Court for the district of Trumbull.[1] We affirm the judgment of the Superior Court.

The following facts are relevant to our resolution of this appeal. On June 7, 2002, the plaintiff's mother, Mary Fenyes, executed the Mary Fenyes Living Trust (Trust), naming herself as trustee and the plaintiff as successor trustee.[2] On November 29, 2006, the Probate Court, *Hon. Daniel F. Caruso,* removed the plaintiff as successor trustee. On December 24, 2008, the Probate Court, *Hon. F. Paul Kurmay,* confirmed the plaintiff's removal and appointed James M. Sheridan, a retired banker, as successor trustee. The plaintiff appealed Judge Kurmay's decision to the Superior Court, but his appeal was dismissed and he did not pursue further appeals. After

---

[1] The plaintiff named the Probate Court for the district of Trumbull as a defendant but it is a nonappearing party. For convenience, we refer in this opinion to Greta E. Solomon as the defendant.

[2] Mary Fenyes died in June, 2009.

Sheridan resigned, the Probate Court, *Hon. Fred J. Anthony*, appointed the defendant Greta E. Solomon, an experienced trusts and estates lawyer, to succeed him on March 24, 2011. The plaintiff appealed this decision to the Superior Court. After a hearing, the court, *Hon. William B. Rush*, judge trial referee, dismissed his appeal on May 16, 2012. The court found that the defendant was "an appropriate and suitable person to be appointed as trustee" upon the vacancy created by Sheridan's resignation. This appeal followed.

The plaintiff has contended throughout this litigation that he ought to be the trustee of the Trust. He argues that because the Probate Court's 2008 decision confirming his removal as successor trustee was "illegal," the Probate Court had to restore him as successor trustee upon the resignation of Sheridan. He also claims several evidentiary errors based on the same premise. Furthermore, the plaintiff argues that the court erred in finding that the defendant was an appropriate successor trustee because of an alleged conflict of interest, and in not restoring him as successor trustee because he is the person his mother wanted.

The plaintiff concedes that the crux of his appeal is that he wrongfully was removed as successor trustee. In its dismissal of the plaintiff's appeal, the Superior Court noted that his appeal from the 2008 decision of Judge Kurmay removing him was dismissed and therefore that decision was a final ruling. The record supports this determination. In *Gerte* v. *Logistec Connecticut, Inc.*, 283 Conn. 60, 63, 924 A.2d 855 (2007), our Supreme Court stated: "A collateral attack on a judgment is a procedurally impermissible substitute for an appeal." (Internal quotation marks omitted.) That is exactly what the plaintiff attempted to do in this case. The Superior Court properly limited the scope of its inquiry to the actual issue on appeal, namely, whether or not the defendant was an appropriate successor trustee,

and refused to open the 2008 judgment confirming the plaintiff's removal as successor trustee.

As to the plaintiff's evidentiary claims, upon an examination of the record and briefs and considering the arguments of the parties, we are persuaded that the court did not abuse its discretion. Finally, the plaintiff's claim that the defendant had a conflict of interest is without merit.

The judgment is affirmed.