## CUDA AND ASSOCIATES, LLC *v.* CHARLIE J. SMITH
### (AC 34812)

Bear, Sheldon and Keller, Js.

Argued May 30—officially released August 6, 2013

*Charnina Smith,* for the appellant (defendant).

*Carolyn M. Futtner,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this action brought by the plaintiff, CUDA & Associates, LLC, to collect on a credit card debt, the defendant, Charlie J. Smith, claims that the trial court improperly denied his second motion to open the judgment rendered in favor of the plaintiff. We disagree and thus affirm the judgment of the trial court.

The record reveals the following procedural history. On September 19, 2009, the defendant was served in hand with the writ, summons and complaint in this matter in which the plaintiff sought to collect a debt due on a credit card. On November 16, 2009, the defendant was defaulted for failing to appear and, on December 14, 2009, judgment entered in favor of the plaintiff in the amount of $5989.98, to be paid at the rate of $35 per week commencing on January 18, 2010.

On April 23, 2012, approximately twenty-eight months after the entry of such judgment, the defendant filed an appearance in this action, along with a motion to open the judgment, claiming that he previously had not known of this action and that he wanted to challenge the court's jurisdiction and the validity of the alleged

debt.[1] In response, the plaintiff filed an objection claiming that the defendant was precluded from opening the judgment because he had not done so within four months of the date of judgment as required by our rules of practice. See Practice Book § 17-4 (a). On May 18, 2012, the court summarily denied the defendant's motion and sustained the plaintiff's objection thereto.[2]

On May 30, 2012, the defendant filed another motion to open and vacate the judgment in which he again challenged the jurisdiction of the court and claimed that the plaintiff did not have standing to bring this collection action and that it failed to state a cause of action. The plaintiff again objected. On June 18, 2012, the court denied the defendant's motion and sustained the plaintiff's objection. On August 8, 2012, the court issued a very brief memorandum of decision explaining that the defendant's proper remedy following the denial of his first motion to open was to appeal to this court, not to file another motion to open. This appeal followed.

"The principles that govern motions to open or set aside a civil judgment are well established. Within four months of the date of the original judgment, Practice Book [§ 17-4] vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation. . . . The exercise of equitable authority is vested in the discretion of the trial court and is subject only to limited review on

[1] The record reflects that the defendant was served in hand with a true and attested copy of the original writ, summons and complaint at 228 Judwin Avenue in New Haven, on September 19, 2009. The plaintiff's motion for default for failure to appear contains a certification of service to the defendant at that address. The court's notice of default was mailed to the defendant at that address. The plaintiff sent notice of the final judgment to the defendant at that address. Notwithstanding his claim that he was unaware of the prior proceedings, the defendant used that address on his April 23, 2012, appearance and his first motion to open, also filed on April 23, 2012.

[2] The record reflects that notice of the court's ruling was sent to the parties on May 22, 2012.

appeal. . . . We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. The only issue on appeal is whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action." (Internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 94–95, 952 A.2d 1 (2008).

The defendant has appealed from the trial court's June 18, 2012 denial of his second motion to open and vacate the judgment filed on May 30, 2012. The court's denial of this motion was explained in its August 8, 2012 memorandum of decision, in which it did not address the merits of the defendant's jurisdictional claims, but, rather, explained that the proper vehicle for challenging the earlier denial of his motion to open the judgment was an appeal to this court, not another motion to open. We agree. "A collateral attack on a judgment is a procedurally impermissible substitute for an appeal." (Internal quotation marks omitted.) *Gerte* v. *Logistec Connecticut, Inc.*, 283 Conn. 60, 63, 924 A.2d 855 (2007). The defendant's second motion to open clearly constituted an untimely and impermissible collateral attack on the underlying judgment.

Moreover, our Supreme Court has stated: "[T]he modern law of civil procedure suggests that even litigation about subject matter jurisdiction should take into account the importance of the principle of the finality of judgments, particularly when the parties have had a full opportunity originally to contest the jurisdiction of the adjudicatory tribunal." (Internal quotation marks omitted.) *Upjohn Co.* v. *Zoning Board of Appeals*, 224 Conn. 96, 103–104, 616 A.2d 793 (1992). Thus, although the defendant is correct in his contention that the issue

of subject matter jurisdiction[3] can be raised at any time and, once raised, must be addressed by the court, the time period during which jurisdiction may be challenged is not unbounded. The defendant had an opportunity to challenge the court's jurisdiction and the validity of the plaintiff's complaint prior to the entry of judgment, and he had the opportunity to appeal directly from that judgment. After he filed his appearance in April, 2012, the defendant also had the opportunity to appeal from the judgment denying his first motion to open. He failed to do so.

The judgment is affirmed.

---

[3] We further note that although the defendant describes his claim as a challenge to the court's subject matter jurisdiction, the essence of his claim is a lack of personal jurisdiction that he has not supported with any relevant factual allegations.