******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# L. F. *v.* S. F.*
## (AC 47318)

Alvord, Suarez and Palmer, Js.

*Syllabus*

The plaintiff mother appealed from the trial court's judgment denying her request for leave pursuant to the rule of practice (§ 25-26 (g)) to file a motion to modify custody of the parties' minor child. The plaintiff claimed that the court, without holding a hearing, improperly denied her request for leave, which alleged that the custody and visitation order in place contained an impermissible delegation of judicial authority. *Held*:

The trial court improperly denied the plaintiff's request for leave to file a motion for modification and, on the basis of *R. H.* v. *M. H.* (350 Conn. 432), the plaintiff was entitled to a hearing on her motion for modification, as she properly raised the claim of impermissible delegation of judicial authority in her motion for modification appended to her request for leave, consistent with the requirements of Practice Book § 25-26 (g).

Argued May 20—officially released August 26, 2025

*Procedural History*

Application for custody of the parties' minor child, and for other relief, brought to the Superior Court in the judicial district of Middlesex, where the court, *Diana, J.*, awarded the parties joint legal custody of the minor child; thereafter, the court, *Albis, J.*, granted the defendant's motion for modification of custody and his request to issue an order pursuant to Practice Book § 25-26 (g), requiring the plaintiff to file a request for leave prior to filing any motion for modification; subsequently, the court, *Sanchez-Figueroa, J.*, denied the plaintiff's request for leave to file a motion for modifica-

---

* In accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018), as amended by the Violence Against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, § 106, 136 Stat. 49, 851; we decline to identify any person protected or sought to be protected under a protection order, protective order, or a restraining order that was issued or applied for, or others through whom that person's identity may be ascertained.

tion, and the plaintiff appealed to this court. *Reversed; further proceedings.*

*L. F.*, self-represented, the appellant (plaintiff).

*Opinion*

ALVORD, J. The self-represented plaintiff, L. F., appeals following the court's denial of her request for leave pursuant to Practice Book § 25-26 (g).[1] The plaintiff sought permission to file a motion for modification of custody with respect to the minor child, issue of the marriage between the plaintiff and S. F., the defendant in these postdissolution proceedings.[2] On appeal, the plaintiff claims that the court, without holding a hearing, improperly denied her request for leave, which primarily alleged that the custody and visitation order in place contained an impermissible delegation of judicial authority.[3] See *R. H.* v. *M. H.*, 350 Conn. 432, 444, 324

[1] Practice Book § 25-26 (g) provides in relevant part: "Upon or after entry of judgment of a dissolution of marriage . . . the judicial authority may order that any further motion for modification of a final custody or visitation order shall be appended with a request for leave to file such motion and shall conform to the requirements of subsection (e) of this section. The specific factual and legal basis for the claimed modification shall be sworn to by the moving party or other person having personal knowledge of the facts recited therein. If no objection to the request has been filed by any party within ten days of the date of service of such request on the other party, the request for leave may be determined by the judicial authority with or without hearing. If an objection is filed, the request shall be placed on the next short calendar, unless the judicial authority otherwise directs. At such hearing, the moving party must demonstrate probable cause that grounds exist for the motion to be granted. . . ."

[2] The defendant did not file a brief in this court. On February 24, 2025, this court ordered that this appeal shall be considered on the basis of the plaintiff's brief and appendix, the record, as defined by Practice Book § 60-4, and oral argument by the plaintiff.

[3] The plaintiff raises several other claims on appeal, all of which are untimely and constitute collateral attacks on prior orders of the court. Many of the plaintiff's untimely claims challenge an October, 2022 decision of the trial court. That decision was a final judgment, from which the plaintiff had twenty days to appeal. See Practice Book § 63-1 (appeal must be filed within twenty days of date notice of decision was given); see also, e.g., *Martowska* v. *White*, 149 Conn. App. 314, 321–22, 87 A.3d 1201 (2014) (plaintiff could not collaterally attack visitation orders when time to appeal such orders

A.3d 720 (2024). We reverse the judgment of the trial court denying the plaintiff's request for leave and we remand the matter for a hearing on the plaintiff's motion for modification.

The record reveals the following relevant facts and procedural history. The parties' marriage was dissolved in Utah in 2018. The parties have one minor child, who was born in March, 2008. In May, 2021, the plaintiff commenced proceedings in the Connecticut Superior Court by filing, inter alia, an application for custody of the minor child. The court, *Diana, J.*, awarded the parties joint legal custody of the minor child and set a parenting time schedule whereby the parties exercised parenting time on a weekly rotation. Subsequently, the defendant filed a motion for modification of custody and parenting time, alleging a substantial change in circumstances on the basis that the child had been refusing to participate in the weekly parenting time with the plaintiff.

On October 25, 2022, the court, *Albis, J.*, granted the defendant's motion for modification and entered orders in which it left unchanged the order of joint legal custody but awarded the defendant primary physical custody and final decision-making authority with respect to the child (October, 2022 decision). The court entered the following orders regarding visitation between the plaintiff and the child: "The [plaintiff] shall have reasonable contact with the child by telephone call, text message, and or video call. If the [plaintiff] makes a reasonable request of the [defendant] to facilitate such

had expired). The plaintiff did not file the present appeal until January, 2024, and she appeals only from the order of the court denying her request for leave to file a motion for modification. Accordingly, to the extent the plaintiff seeks in this appeal to challenge the orders contained within the October, 2022 decision, such a challenge constitutes an untimely and impermissible collateral attack. See *Hebrand* v. *Hebrand*, 216 Conn. App. 210, 225, 284 A.3d 702 (2022).

contact, then the [defendant] shall take reasonable measures to do so. The child shall be free to initiate contact with the [plaintiff] on her part, and [the defendant] shall do nothing to discourage or impede such contact at the child's initiative. The [plaintiff] shall have only such in-person visitation with the child as the parties may agree. [The defendant] shall not unreasonably withhold agreement to a visit, but in making his decision on whether to agree, he shall be entitled to take into account, among other factors that he deems relevant, the advice of the child's mental health providers."[4] Additionally, the court granted the defendant's request to issue a Practice Book § 25-26 (g) order, pursuant to which the plaintiff would be required to file a request for leave prior to filing any motion for modification. The plaintiff did not appeal from the October, 2022 decision.[5]

In March and July, 2023, the plaintiff filed three requests for leave to file motions for modification, all of which were denied.[6] On December 13, 2023, the plaintiff

[4] The court also ordered the plaintiff to take a Breathalyzer test prior to the start of, and after the conclusion of, any in-person visitation.

[5] In November, 2022, the plaintiff filed a motion to open the judgment, which was denied in January, 2023.

[6] In March, 2023, the plaintiff filed a request for leave to file a motion for modification, to which the defendant objected. The court, *Albis*, *J.*, denied the plaintiff's request for leave. On July 11, 2023, the plaintiff filed a second request for leave to file a motion for modification. Therein, she requested that the court remove the request for leave requirement, expressing her understanding that the provision should have been removed following the termination of the parties' participation in the Intensive Case Management program. The defendant filed an objection to the request for leave. The court, *Albis*, *J.*, denied the request for leave, explaining that no hearing was necessary because, inter alia, the request for leave failed to comply with the requirements of Practice Book § 25-26 (g). On July 25, 2023, the plaintiff filed an application for an emergency ex parte order of custody, which was denied that same day, and a third request for leave to file a motion for modification, to which the defendant did not file an objection. The court, *Albis*, *J.*, denied the request for leave on August 10, 2023.

On August 14, 2023, the plaintiff filed an appeal with this court, identifying on the appeal form that the decision being appealed was issued on July 25, 2023. The only decision issued on that date was the court's denial of the plaintiff's application for an emergency ex parte order of custody. On August

filed a fourth request for leave to file a motion for modification, in which she identified the October, 2022 decision as the order that she was requesting to be modified. In her appended Judicial Branch motion for modification form, she indicated, inter alia, that the order provided visitation "at the discretion of [the defendant]." She checked the box to indicate that a substantial change in circumstances had occurred and attached a written motion for modification. Therein, she alleged, inter alia, that the court, in its October, 2022 decision, improperly had delegated its judicial authority in permitting the defendant to decide the nature and scope of the plaintiff's visitation with the minor child. The plaintiff cited *R. H.* v. *M. H.*, 219 Conn. App. 716, 296 A.3d 243 (2023), which was issued by this court in June, 2023.

In *R. H.*, this court concluded that the trial court impermissibly had delegated its judicial authority when it issued an order that authorized the father to suspend visitation between the child and the mother in the event that the father, after consultation with the child's therapist, reasonably determined that visitation was causing negative behavioral or emotional consequences for the child. Id., 740. In July, 2023, this court granted the plaintiff's motion for reconsideration en banc. Prior to oral argument en banc before this court, the appeal was transferred to our Supreme Court. See *R. H.* v. *M. H.*, supra, 350 Conn. 438. Our Supreme Court, in its decision released in August, 2024, concluded that the challenged order constituted an impermissible delegation of judicial authority on the basis that "the trial court's visitation order effectively removes the court entirely from

24, 2023, the plaintiff filed two motions for articulation, seeking articulation of the court's denials of the plaintiff's three requests for leave and her application for an emergency ex parte order of custody. On October 31, 2023, the court issued two articulations. On December 12, 2023, the plaintiff withdrew the appeal.

the decision-making process and delegates its authority to the plaintiff to suspend visitation." Id., 445.

In the present case, the plaintiff, in her fourth request for leave, asked the court to modify the existing orders pursuant to this court's decision in *R. H.* v. *M. H.*, supra, 219 Conn. App. 716. The defendant filed an objection to the request for leave. On January 7, 2024, the court, *Sanchez-Figueroa, J.*, summarily denied the request for leave. This appeal, challenging the court's denial of the December, 2023 request for leave, followed.

Following the filing of this appeal, the plaintiff filed a motion for articulation. On February 29, 2024, the court issued an order articulating its denial of the request for leave. The court stated, inter alia, that the request was denied without the necessity of a hearing on the basis that the plaintiff should have raised her claim that the court's October, 2022 visitation order constituted an improper delegation of judicial authority either by a motion for reconsideration or "an appeal of that decision at the appropriate time." The court found that the request for leave constituted an improper challenge to the court's October, 2022 decision.[7]

On appeal, the plaintiff claims that the court improperly denied her request for leave to file a motion for modification, citing our Supreme Court's decision in *R. H.* v. *M. H.*, supra, 350 Conn. 432. We conclude, under the circumstances of this case, that the plaintiff is entitled to a hearing on her motion for modification.[8]

---

[7] The court also stated that it had denied the request for the following reasons: the request failed to comply with the requirements of Practice Book § 25-26 (e) and (g), the plaintiff's representation that the defendant had cancelled and modified visits several times was not properly addressed with a motion for modification, and the request for leave failed to allege a sufficient factual and legal basis for the requested modification of the court's October, 2022 decision.

[8] The plaintiff had been ordered to comply with Practice Book § 25-26, which "governs a litigant's ability to file a postdissolution motion for modification of a custody or visitation order." (Internal quotation marks omitted.) *J. Y.* v. *M. R.*, 215 Conn. App. 648, 669, 283 A.3d 520 (2022). See footnote

The plaintiff properly raised the claim of impermissible delegation of judicial authority in a motion for modification appended to a request for leave, consistent with the requirements of Practice Book § 25-26 (g). She cited pending appellate proceedings, in which the substantial issues raised therein subsequently were resolved by our Supreme Court in its decision concluding that a visitation order similar to that issued in the present case constituted an impermissible delegation of judicial authority. The plaintiff, on the basis of *R. H.* v. *M. H.*, supra, 350 Conn. 432, is entitled to a hearing on her motion for modification. See also *Milot* v. *Milot*, 234 Conn. App. 473, 477–79,     A.3d     (2025).

The judgment denying the plaintiff's December, 2023 request for leave to file a motion for modification is reversed and the case is remanded for a hearing on the plaintiff's motion for modification.

In this opinion the other judges concurred.

———————————

1 of this opinion. This court previously has held that "[t]he plain language of Practice Book § 25-26 (g) establishes that a hearing is *mandatory* when a timely objection to the request for leave has been filed . . . ." (Emphasis added.) *Morera* v. *Thurber*, 162 Conn. App. 261, 267, 131 A.3d 1155 (2016).

Ordinarily, a court's improper denial of an opposed motion for leave without holding a hearing would result in a remand to the trial court for a belated probable cause hearing on the request for leave. See id. The appropriate remand under the circumstances of the present case, however, is to direct the trial court to hold a hearing on the motion for modification. See Practice Book § 60-1 ("[t]he design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any appellate matter where it shall be manifest that a strict adherence to them will work surprise or injustice"). The circumstances here include the passage of almost three years following the entry of the challenged visitation order, the child's approaching the age of majority, and the release of significant and potentially highly relevant Supreme Court precedent during the pendency of these proceedings.