******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RAYMOND J. MILOT *v.* CHRISTINE M. MILOT
(AC 47073)

Alvord, Moll and Wilson, Js.

*Syllabus*

The defendant appealed from the trial court's judgment resolving several postdissolution motions concerning custody and visitation. The defendant claimed, inter alia, that the court improperly delegated its judicial authority over visitation to the plaintiff. *Held*:

The trial court's order authorizing the plaintiff to exercise his discretion over the defendant's visitation with the parties' minor children was an improper delegation of judicial authority, as, pursuant to the Supreme Court's decision in *R. H.* v. *M. H.* (350 Conn. 446), it placed the trial court's decision-making authority in the hands of a party to the litigation.

The trial court abused its discretion in precluding the defendant from communicating with her youngest child's health-care providers or therapists, as the court failed to make a finding, pursuant to statute (§ 46b-56 (g)), that the defendant should be denied access for good cause shown.

Argued May 28—officially released August 19, 2025

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Danbury and tried to the court, *Eschuk, J.*; judgment dissolving the marriage and granting certain other relief in accordance with the parties' separation agreement; thereafter, the court, *Hon. Heidi G. Winslow*, judge trial referee, granted the plaintiff's motion to modify custody and visitation and denied the defendant's motions to modify custody, and the defendant appealed to this court. *Reversed in part; further proceedings.*

*Mark A. Shiffrin*, for the appellant (defendant).

*Rebecca Mayo Goodrich*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this postjudgment dissolution matter, the defendant, Christine M. Milot, appeals from the judgment of the trial court resolving several motions, including the motion filed by the plaintiff, Raymond J. Milot, to modify custody and visitation. On appeal, the defendant claims that the trial court (1) improperly delegated its judicial authority over visitation to the plaintiff and (2) abused its discretion in ordering that the defendant was not permitted to contact the health-care providers or therapists of the parties' youngest child without finding good cause in support of the order. We reverse in part the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's claims on appeal. The parties' marriage was dissolved in June, 2019. At the time of the dissolution, the parties had three minor children. The judgment of dissolution incorporated by reference the parties' separation agreement, which incorporated by reference a final parenting plan executed on June 20, 2019 (parenting plan). Pursuant to the parenting plan, the parties had joint legal and shared physical custody of the children, with the older two children primarily residing with the plaintiff and the youngest child primarily residing with the defendant. Only the parties' youngest child currently remains a minor.

Shortly after the dissolution, in the fall of 2019, the parties agreed that the youngest child would live with the plaintiff. In September, 2020, within the context of a matter pending in juvenile court, the parties agreed that an order vesting in the plaintiff temporary custody of the youngest child would be sustained until further order of the court. In June, 2022, the juvenile court issued an order providing that sole physical custody and guardianship of the youngest child shall be vested

in the plaintiff under an order of protective supervision, which was to expire on September 3, 2022. The juvenile court orders provided a comprehensive plan to extend beyond the expiration of the period of protective supervision. The orders addressed, inter alia, the responsibilities of the custodial parent and the defendant's relationship with the youngest child, including that any in-person contact by the defendant with the youngest child must be supervised clinically or by a third-party professional. The juvenile court did not retain jurisdiction following the expiration of the protective supervision and expressly provided that the orders would be subject to modification by the family court.

In February, 2023, the plaintiff filed a motion to modify custody and visitation in the dissolution action. Therein, he requested that the orders contained within the June, 2022 decision of the juvenile court be adopted in the present file. A hearing was held on the motion for modification, among other motions,[1] before the court, *Hon. Heidi G. Winslow*, judge trial referee, on October 18 and 19, 2023. Both parties testified.

On October 19, 2023, the court issued a ruling on the motions, in which it found that "[t]here have been substantial changes affecting the parenting of the minor children in this case since the last parenting orders entered by this court, as well as the orders of the juvenile court. Among those changes are the juvenile court's removal of the defendant as the custodial parent and guardian of [the youngest child]; the defendant's relocation of primary residence to North Canaan; the children's adamant refusal to spend time with the defendant or attend therapy with the defendant; and the substantial improvement of the children's behaviors and demeanors since living full-time with the plaintiff and seeing little of the defendant."

---

[1] The defendant had filed two postjudgment motions seeking, inter alia, modification of custody.

The court found that the parties' relationship is contentious and they are unable to make joint decisions regarding the needs of the children. The court found that the original agreement providing for split custody of the children "did not work when it was first agreed upon and has not worked at any time since." The court found that the children were "under tremendous stress" following the dissolution of the parties' marriage and that the youngest child demonstrated that stress by acting out dangerously, prompting the parties to agree in the fall of 2019, for the youngest child to live with the plaintiff. The court found: "To alleviate their stress, the children chose to align themselves with the plaintiff and see as little as possible of the defendant. By doing so, they minimize their exposure to parental conflict. Both children are doing well emotionally and physically with the status quo and little or no contact with the defendant. . . . Both children have made it known emphatically that they do not wish to spend time with the defendant or attend therapy with the defendant."

The court awarded the plaintiff sole legal and physical custody of the parties' youngest child. The court further ordered that "[v]isits between the children and the defendant shall be at the sole [discretion] of the plaintiff with all arrangements approved by the plaintiff," and that the plaintiff "shall not impose any limitations upon the children restricting or discouraging them from initiating communications with [the defendant]." The court ordered that "[t]he defendant is barred from communicating with the children's health-care providers or therapist."[2] This appeal followed.

_____

[2] The court also ordered: "The plaintiff shall write a paragraph to the defendant twice per week for each minor child (a minimum of four paragraphs per week) informing the defendant of the children's health, education, activities, interests, aspirations, achievements, disappointments and general welfare. Any electronic method of communication that the defendant is likely to actually receive may be used. . . . The defendant and her extended family are entitled to attend all practices, performances and graduations of the children. If there are a restricted number of tickets, the tickets shall be

## I

The defendant's first claim on appeal is that the court improperly delegated its judicial authority when it ordered that "[v]isits between the children and the defendant shall be at the sole [discretion] of the plaintiff with all arrangements approved by the plaintiff." We agree that the trial court improperly delegated its judicial authority to the plaintiff.

We begin with our standard of review and relevant legal principles. Whether the trial court improperly delegated its judicial authority is a legal question over which we exercise plenary review. *Zilkha* v. *Zilkha*, 180 Conn. App. 143, 170, 183 A.3d 64, cert. denied, 328 Conn. 937, 183 A.3d 1175 (2018). "It is well settled . . . that [n]o court in this state can delegate its judicial authority to any person serving the court in a nonjudicial function. The court may seek the advice and heed the recommendation contained in the reports of persons engaged by the court to assist it, but in no event may such a nonjudicial entity bind the judicial authority to [issue] any order or [to render a] judgment so advised or recommended. . . . A court improperly delegates its judicial authority to [a nonjudicial entity] when that person is given authority to issue orders that affect the parties or the children. Such orders are part of a judicial function that can be done only by one clothed with judicial authority. . . .

"The trial court's authority to issue orders pertaining to the custody and visitation of minor children is prescribed by statute. [General Statutes §] 46b-56 (a) provides in relevant part that the court may make or modify

apportioned equally between the parties. The defendant and her family shall not approach the children at any of those events unless the children initiate the contact. . . . There shall be no contact of the children allowed by either parent with John Goodwin. The children shall continue to reside in the town of New Milford unless the parties agree in writing to a relocation of their primary residence, or a court order allows relocation of their primary residence outside New Milford. . . . The provisions of Practice Book § 25-26 (g) are imposed in this case."

any proper order regarding the custody, care, education, visitation and support of the children if it has jurisdiction . . . . Section 46b-56 (a) thus authorizes the trial court alone to make or modify any proper order regarding custody and visitation of a minor child. Subsection (b) of § 46b-56 provides in relevant part that a trial court, in crafting such orders, shall consider the rights and responsibilities of both parents . . . and the court shall enter orders accordingly that serve the best interests of the child and provide the child with the active and consistent involvement of both parents commensurate with their abilities and interests. . . . Section 46b-56 (c) requires the trial court, when making or modifying an order as provided in subsections (a) and (b), to consider the best interests of the child and enumerates seventeen factors the court may consider. None of the provisions in § 46b-56 permits the delegation by a trial court of its statutory duty to one of the litigants before it." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *R. H.* v. *M. H.*, 350 Conn. 432, 440–41, 324 A.3d 720 (2024).

The trial court did not have the benefit of the guidance found in our Supreme Court's decision in *R. H.*, which was issued after the trial court's decision in the present case. In *R. H.* v. *M. H.*, supra, 350 Conn. 437, the court considered a mother's challenge to an order that authorized the father to suspend visitation between the child and the mother in the event that the father, after consultation with the child's therapist, reasonably determined that visitation was causing negative behavioral or emotional consequences for the child. Our Supreme Court concluded that the order constituted an impermissible delegation of judicial authority on the basis that "the trial court's visitation order effectively removes the court entirely from the decision-making process and delegates its authority to the plaintiff to suspend visitation." Id., 445.

We conclude that the court in the present case impermissibly delegated its authority to the custodial parent in ordering that "[v]isits between the children and the defendant shall be at the sole [discretion] of the plaintiff with all arrangements approved by the plaintiff." This order is akin to the order determined to be improper in *R. H.* v. *M. H.*, supra, 350 Conn. 446, because it "places the decision-making authority in the hands of a party to the litigation."[3] Accordingly, the court erred in rendering this order.

## II

The defendant's second claim is that the court abused its discretion in precluding her from communicating with the youngest child's health-care providers or therapists without making the statutorily required finding of good cause. We agree in part with the defendant.

We first set forth our standard of review. "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . [T]o conclude that the trial court abused its discretion, we must find that the court either

---

[3] The plaintiff argues that the challenged order does not constitute a delegation of judicial authority because it was accompanied by an order prohibiting the plaintiff from "impos[ing] any limitations upon the children restricting or discouraging them from initiating communications with" the defendant. We are not persuaded that the additional provision protecting the child's ability to communicate with the defendant renders the order giving the plaintiff sole discretion over visitation permissible.

Moreover, the present case is distinguishable from *Zilkha* v. *Zilkha*, supra, 180 Conn. App. 172, a case on which the plaintiff relies. In *Zilkha*, the trial court exercised its authority in deciding that the defendant "should not have any right to custody or visitation," but left open the possibility of voluntary visits at the discretion of the children. (Emphasis omitted.) Id.

incorrectly applied the law or could not reasonably conclude as it did. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Citation omitted; internal quotation marks omitted.) *Clark* v. *Clark*, 150 Conn. App. 551, 568, 91 A.3d 944 (2014).

Section 46b-56 (g) provides: "A parent not granted custody of a minor child shall not be denied the right of access to the academic, medical, hospital or other health records of such minor child, unless otherwise ordered by the court for good cause shown."

On the basis of the language of § 46b-56 (g), the defendant, as the noncustodial parent, is statutorily entitled to have access to the youngest child's health records, including therapy records, "subject only to the court's denying [her] the right of access to the records for good cause shown." *C. D.* v. *C. D.*, 218 Conn. App. 818, 847, 293 A.3d 86 (2023). The court did not make a finding that the defendant should be denied access for good cause shown. To the extent that the court's decision can be construed to prohibit the defendant from accessing the health records of the youngest child, in the absence of a good cause finding required by § 46b-56 (g), the court's order constitutes an abuse of its discretion.

The defendant's claim on appeal is limited to the argument that the court abused its discretion in rendering its order in the absence of a finding of good cause. The defendant has not argued nor demonstrated that the court abused its discretion in precluding her from communicating with the youngest child's health-care

providers in a manner that extends beyond her exercise of the right of access to the records.

The judgment is reversed only with respect to the order delegating the trial court's authority over the defendant's visitation rights to the plaintiff and the order precluding the defendant from accessing the youngest child's health records and the case is remanded for further proceedings solely on those issues consistent with this opinion; the judgment is affirmed in all other respects.